UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| KASHMIR LA JUAN BRAY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 2:10-CV-302-TS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Kashmir La Juan Bray, who is proceeding pro se in this matter, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] seeking to challenge his 2006 child molestation conviction in Lake County Superior Court. *State v. Bray*, 45G04-0509-FA-48. The Court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases.

Bray's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Bray pleaded guilty to multiple counts of felony child molestation pursuant to a plea agreement in January 2006, and was sentenced to an aggregate term of 30 years. *Bray v. State*, No. 45A03-0605-CR-204 (Ind. App. Ct. Feb. 2, 2007), slip op. at 1. He appealed, and the Indiana Court of Appeals affirmed on February 2, 2007. *Id.* Bray did not file a petition to transfer with the Indiana Supreme Court or a petition for writ of certiorari with the United States Supreme Court. [DE 1 at 1.] On May 2, 2007, Bray filed a petition for post-conviction relief with the state trial court. [DE 1 at 1.] That petition was denied on December 1, 2008,[1] and Bray did not seek appellate review. [DE 1 at 1-2.] He filed this federal Petition on July 20, 2010, raising the following claims: (1) his guilty plea was not knowing and voluntary; (2) his conviction was obtained by the use of a coerced confession; (3) his conviction was obtained "pursuant to an unconstitutional search and seizure"; and (4) his trial counsel provided ineffective assistance in connection with his guilty plea. [DE 1 at 3-4.]

---

[1] Bray lists two different dates as the date his state post-conviction petition was denied. [DE 1 at 1.] To give him the benefit of the doubt, the Court has used the later date.

Bray does not assert, nor does it appear from a review of the Petition, that any of his claims are premised on newly discovered evidence or a newly recognized constitutional right. He also does not claim that a state-created impediment prevented him from filing his federal petition on time.[2] Bray did not seek further review after the Indiana Court of Appeals affirmed his conviction on February 2, 2007, and pursuant to 28 U.S.C. § 2244(d)(1)(A), his conviction became final when the time for seeking further review expired. Bray filed his state post-conviction petition on May 2, 2007, and the trial court denied relief in December 2008. Once the post-conviction proceedings ended, the one-year statute of limitations was no longer tolled under 28 U.S.C. § 2244(d)(2). Because Bray filed his federal Petition approximately 18 months later, in July 2010, it is untimely. Bray has not provided any grounds for excusing the untimeliness of his Petition, and so it must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has

---

[2] In explaining why his petition is timely, Bray states as follows: "Under [the] provisions of 28 U.S.C. 2244 the following reasons suggest the forementioned charges should be vacated d[ue] to ineffective assistance of counsel and the obtaining of evidence illegal[l]y." [DE 1 at 5.]

two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, Bray's habeas Petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling, or find that there is a reason to encourage Bray to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the Petition [DE 1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the Court **DENIES** a certificate of appealability.

SO ORDERED on August 9, 2010.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION